UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAC CONTRACTORS OF FLORIDA,
LLC,

        Plaintiff,

v.                                    Case No.

SOUTHERN-OWNERS INSURANCE
COMPANY,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MAC Contractors of Florida, LLC ("MAC Contractors"), sues Defendant, Southern-Owners Insurance Company ("Southern-Owners"), and alleges:

1. This is an action seeking extra-contractual damages caused by Southern-Owners' violations of Florida's Civil Remedy Statute set forth in Fla. Stat. Section 624.155, including the incorporated provisions of Florida's Unfair Insurance Trade Practices Act committed in Southern-Owners' handling of a claim made against its insured MAC Contractors, for defective construction of a home in Marco Island, Florida. Southern-Owners' treatment and handling of MAC Contractors' claim is emblematic of how it handles similar claims across Florida. MAC Contractors also seeks punitive damage or exemplary damages upon appropriate

proof that Southern-Owners acted with the requisite intent and in a manner indicating a general business practice that violates one or more provisions of the civil remedy statutes.

2. Southern-Owners has repeatedly treated commercial general liability claims similarly to the way MAC Contractors' claim was treated, by (1) denying Southern-Owners' defense obligations to its named insureds, and (2) denying Southern-Owners' defense obligations to additional insureds.

3. These general business practices have but one goal, to save Southern-Owners money at the expense of its insureds. Punitive damages are therefore appropriate to rectify such conduct.

## PARTIES, JURISDICTION, AND VENUE

4. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

5. MAC Contractors was a Florida limited liability company, authorized to conduct business in the State of Florida and conducting business in Collier County, Florida. Its sole member is Alice MacDonough who is a citizen and resident of Collier County, Florida.

6. Southern-Owners is a Michigan corporation with its principal place of business in Michigan. Southern-Owners issued commercial general liability contracts of insurance to MAC Contractors in Naples, Florida.

7. At all times material hereto, Southern-Owners conducted business in the state of Florida, which includes, but is not limited to, contracting to insure MAC Contractors and/or risk(s) located within the state of Florida through the Policies.

8. Venue is proper in this judicial district because the cause of action that forms the basis of this Complaint accrued in Collier County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Southern-Owners issued the following commercial general liability policies to MAC Contractors:

   a. Policy Number 094612-20723985 - Policy Period: October 8, 2014, to October 8, 2015. A copy of this Policy is attached as **Exhibit 1.**

   b. Policy Number: 094612-20723985- Policy Period: October 8, 2015, to October 8, 2016. A copy of this Policy is attached as **Exhibit 2**.

("Policies").

10. MAC Contractors was hired by Paul and Deborah Doppelt (the "Doppelts") located in Marco Island, Florida.

11. During construction of the Doppelts' home, either MAC Contractors or its subcontractors performed defective work, which caused damage to other property owned by the Doppelts (the "Property") and caused portions of the home to be defectively constructed.

12. As a result of this property damage, the Doppelts had to replace and repair portions of their home damaged by the improper work performed by MAC

Contractors and its subcontractors. Additionally, the Doppelts had to replace equipment and materials that were rendered useless by the damage caused by MAC Contractors and its subcontractors.

13. Consequently, on or about July 12, 2016, the Doppelts delivered to MAC Contractors a Notice of Claim under Section 558.004 Florida Statutes (§558 Notice) wherein the Doppelts claimed that MAC Contractors caused damages to the Property.

14. A lawsuit styled *Paul S. Doppelt, et. Al. v. MAC Contractors of Florida, LLC*, Case No. 16-CA-1530 was filed in the Twentieth Judicial Circuit Court, in and for Collier County, Florida ("Underlying Action"). In the Underlying Action, the Doppelts sought damages in excess of $100,000 for the resulting property damage to the Property.

15. In the Underlying Action, the Doppelts amended their initial complaint.

16. MAC Contractors timely tendered both the original and amended Underlying Action complaints to Southern-Owners.

17. Southern-Owners initially accepted the complaints and appointed defense counsel to defend MAC Contractors in the Underlying Action.

18. However, consistent with its general business practice, on April 10, 2017, Southern-Owners issued a denial of coverage for the claim related to the

Underlying Action. A true and correct copy of Southern-Owners' First Denial Letter is attached hereto as **Exhibit 3**.

19. The letter also informed MAC Contractors that Southern-Owners was withdrawing its defense.

20. Consistent with its general business practice, on May 7, 2017, Southern-Owners withdrew its defense to MAC Contractors in the Underlying Action.

21. As a result of Southern-Owners withdrawing its defense to MAC Contractors, MAC Contractors was forced to incur the costs of defending itself against the Underlying Action.

22. On June 20, 2017, MAC Contractors filed a Civil Remedy Notice ("CRN") pursuant to section 627.155 of Florida Statutes against Southern-Owners. A true and correct copy is attached hereto as **Exhibit 4.**

23. Southern-Owners acknowledged receipt of the CRN.

24. Southern-Owners did not cure its violations within the 60-day cure period.

25. Instead, on July 13, 2017, Southern-Owners sent another letter to MAC Contractors denying a defense to MAC Contractors in the Underlying Action. A true and correct copy is attached hereto as **Exhibit 5.**

26. MAC Contractors was harmed by Southern-Owners' refusal to defend it, and was forced to provide its own defense.

27. MAC Contractors eventually entered into a reasonable settlement agreement with the Doppelts in the amount of $70,000.00.

28. MAC Contractors still has $26,589.80 in unreimbursed defense fees and costs from the Underlying Action.

29. On November 30, 2017, Southern-Owners filed a declaratory judgment action in the United States District Court for the Southern District of Florida in the case styled, *Southern-Owners Ins. Co. v. MAC Contractors of Fla., LLC d/b/a KJIMS Construction et al.*, Case No. 1:17-cv-24058 wherein Southern-Owners alleged that it did not owe MAC Contractors defense or indemnification for the Underlying Action.

30. The case was subsequently transferred to the United States District Court for the Middle District of Florida and was given Case No. 1:18-cv-21 ("Coverage Action").

31. On January 18, 2018, MAC Contractors filed a counterclaim in the Coverage Action in which it sought a declaration regarding the duty to defend and indemnify.

32. On March 28, 2018, MAC Contractors filed a Motion for Summary Judgment as to the duty to defend and indemnify.

6

33. On June 8, 2018, Southern-Owners filed its Motion for Summary Judgment on the duty to defend and indemnify MAC Contractors in the Underlying Action.

34. On or about June 21, 2018, the Middle District of Florida entered an Order in the Coverage Action denying MAC Contractor's Motion for Summary Judgment and granting Southern-Owners' Motion for Summary Judgment on the duty to defend.

35. MAC Contractors appealed the Order Granting Southern-Owners' Motion for Summary Judgment to the Eleventh Circuit Court of Appeals in the action styled, *Southern-Owners Ins. Co. v. Mac Contractors of Fla., LLC, d/b/a KJIMS,* Case No. 18-13040.

36. On April 11, 2019, the Eleventh Circuit Court of Appeals vacated the District Court's Order granting Southern-Owners' Motion for Summary Judgment on the Duty to Defend and remanded the case for further proceedings.

37. Meanwhile, the Underlying Action continued against MAC Contractors who was left defending itself.

38. As a result of Southern-Owners' failure to defend MAC Contractors, MAC Contractors settled with the Doppelts for $70,000.00, which it paid with its own money.

7

39. On December 2, 2019, the parties filed cross motions for summary judgment on the duty to defend and indemnify.

40. On January 29, 2020, the Middle District of Florida entered an Order granting Southern-Owners' Third Motion for Summary Judgment as to the duty to defend, and denying MAC Contractor's Motion for Summary Judgment as to the duty to defend.

41. MAC Contractors appealed the Order granting Southern-Owners' Motion for Summary Judgment to the Eleventh Circuit Court of Appeals in the action styled, in the action styled, *Southern-Owners Ins. Co. v. Mac Contractors of Fla., LLC, d/b/a KJIMS,* Case No. 20-10840.

42. On July 29, 2020, the Eleventh Circuit Court of Appeals vacated the District Court's Order granting Southern-Owners' Third Motion for Summary Judgement and remanded the case for further proceedings.

43. On November 11, 2020, MAC Contractors filed another CRN pursuant to section 627.155 of Florida Statutes against Southern-Owners. A true and correct copy is attached hereto as **Exhibit 6.**

44. The CRN also alleged that MAC Contractors expended at least $133,562.29 in defending itself from the claims in the Underlying Action.

45. Southern-Owners acknowledged receipt of the second CRN.

46. Southern-Owners did not cure its violations within the 60-day cure period.

47. On November 13, 2020, Southern-Owners and MAC Contractors filed cross Motions for Summary Judgment as to Southern-Owners' duty to defend and indemnify MAC Contractors in the Underlying Action.

48. On March 30, 2023, the District Court entered an Order in the Coverage Action granting MAC Contractor's Motion for Summary Judgement on the duty to defend and denying Southern-Owners' Third Motion for Summary Judgment on the Duty to Defend.

49. On April 3, 2023, the District Court entered a judgment stating that Southern-Owners owed MAC Contractors a defense in the Underlying Action.

50. Despite the overwhelming evidence that Southern-Owners owed MAC Contractors a defense against the Underlying Action, Southern-Owners maintained its position that it did not owe MAC Contractors a defense in the Underlying Action.

51. On April 25, 2023, Southern-Owners appealed the Order granting MAC Contractors' Motion for Summary Judgment to the Eleventh Circuit Court of Appeals in the action styled, in the action styled, *Southern-Owners' Ins. Co. v. Mac Contractors of Fla., LLC, d/b/a KJIMS,* Case No. 23-11366.

52. On April 11, 2024, the Eleventh Circuit Court of Appeals affirmed the District Court's Order granting MAC Contractors Motion for Summary Judgement

stating that Southern-Owners owed MAC Contractors a defense in the Underlying Action.

53. MAC Contractors still has at least $79,871.25 in unreimbursed attorneys' fees spent in the Coverage Action.

54. MAC Contractors retained the undersigned counsel to represent it in this action and has agreed to pay counsel a reasonable fee for their services.

55. All conditions precedent to the institution of this action have occurred, been performed, waived, or otherwise satisfied.

### COUNT I: VIOLATION OF SECTION 624.155(1)(b), FLORIDA STATUTES

56. MAC Contractors realleges paragraphs 1 through 55.

57. This is an action for damages pursuant to Fla. Stat. § 624.155(1)(b).

58. As detailed above, Southern-Owners failed to timely pay MAC Contractors' claim when, under all circumstances, it could and should have done so had it acted fairly and honestly and with due regard for MAC Contractors' interests, in violation of Fla. Stat. § 624.155(1)(b)1.

59. Southern-Owners' failure to act in good faith is evidenced in part (and among other things) by its failure to pay the claim for amounts, including those offered by MAC Contractors, that it could and should have paid had it acted fairly and honestly towards MAC Contractors.

10

60. Instead, Southern-Owners' representatives acted in the best interest of Southern-Owners, failing to promptly and reasonably investigate the claim, and rejecting reasonable offers to settle the claim.

61. MAC Contractors filed the First and Second CRNs, which detailed these violations, in compliance with Florida law and afforded Southern-Owners an opportunity to cure the violations.

62. The violations were not timely cured.

63. The Claims against MAC Contractors were subsequently resolved with MAC Contractors' own money.

64. As a direct and proximate result of Southern-Owners' conduct, MAC Contractors was forced to hire and pay for its own defense counsel in the Underlying Action, hire and pay for its own coverage counsel in the Coverage Action, and was forced to incur additional costs which are not taxable against Southern-Owners in the Underlying Action and Coverage Action, but which were caused by Southern-Owner's conduct, as described herein.

WHEREFORE, Plaintiff, MAC CONTRACTORS OF FLORIDA, LLC, demands judgment against Defendant, SOUTHERN-OWNERS INSURANCE COMPANY, for all damages caused by Southern-Owners' bad faith, including consequential damages which naturally flow from Southern-Owners actions. MAC

Contractors also seeks attorneys' fees, costs, and interest pursuant to sections 624.155, 57.041, and 92.231, Florida Statutes, and demands a trial by jury.

## COUNT II – UNFAIR CLAIM SETTLEMENT PRACTICES PURSUANT TO FLA. STAT. §§ 624.155(1)(a) & 626.9541(1)(i)

65. MAC Contractors realleges paragraphs 1 through 55.

66. This is an action for damages under Fla. Stat. § 624.155(1)(a) and incorporated sections of the Unfair Insurance Trade Practices Act, Fla. Stat. § 626.9541(1)(i).

67. Southern-Owners' conduct during the investigation and handling of MAC Contractors' claim, before, during, and after the Underlying Litigation, and the Coverage Action, violated the following Florida Statutes:

   a. Section 626.9541(1)(i)(2), Florida Statutes: Making material misrepresentations for the purpose of and with intent of effecting settlement of such claims, loss, or damage under the Policies on less favorable terms than those provided in and contemplated by the Policies;

   b. Section 626.9541(1)(i)(3)(a), Florida Statutes: Failing to adopt and implement standards for the proper investigation of claims;

   c. Section 626.9541(1)(i)(3)(b), Florida Statutes: Misrepresenting pertinent facts or insurance policy provisions relating to the coverage at issue;

   d. Section 626.9541(1)(i)(3)(c), Florida Statutes: Failing to acknowledge and act promptly upon communications with respect to claims;

   e. Section 626.9541(1)(i)(3)(d), Florida Statutes: Denying claims without conducting a reasonable investigation into the claim based on available information; and

  f. Section 626.9541(1)(i)(3)(f), Florida Statutes: Failing to provide a reasonable written explanation of the basis in the Policies, in relation to the facts or applicable law, for its failure to honor its obligations under the Policies.

68. Upon information and belief, similar misrepresentations and other statutory claims handling violations occur with such frequency as to indicate Southern-Owners' business practices as it relates to similar claims, in that they are either (1) repeated with such frequency as to indicate general business practices in other claims, or (2) expressions of Southern-Owners' view of reasonable and appropriate claims handling in similar circumstances.

69. Southern-Owners is liable for the acts and omissions of Southern-Owners' agents, employees, and/or representatives in the handling of the claims against MAC Contractors.

70. MAC Contractors filed the First and Second CRNs, which detailed these violations, in compliance with Florida law and afforded Southern-Owners an opportunity to cure the violations.

71. The violations were not timely cured.

72. MAC Contractors subsequently resolved the claims against it with its own money.

73. As a direct and proximate result of Southern-Owners' conduct, MAC Contractors was forced to hire and pay for its own defense counsel in the Underlying Action, hire and pay for its own coverage counsel in the Coverage Action, and was

forced to incur additional costs which are not taxable against Southern-Owners in the Underlying Action and Coverage Action, but which were caused by Southern-Owner's conduct as described herein.

WHEREFORE, Plaintiff, MAC CONTRACTORS OF FLORIDA, LLC, demands judgment against Defendant, SOUTHERN-OWNERS INSURANCE COMPANY, for all damages caused by Southern-Owners' bad faith, including consequential damages which naturally flow from Southern-Owners' actions. MAC Contractors also seeks attorney's fees, costs, and interest pursuant to section 624.155, 57.041, and 92.231, Florida Statutes, and demands a trial by jury.

## COUNT III – PUNITIVE DAMAGES (PENDING)

74. MAC Contractors realleges paragraphs 1 through 55.

75. Plaintiff hereby states its intent to seek leave to amend the Complaint to add a claim for punitive damages section 624.155(5), Florida Statutes.

76. At all material times, Southern-Owners' bad faith conduct and violations of section 624.155, Florida Statutes, and section 626.9541(1)(i), Florida Statutes occurred with such frequency as to indicate a general business practice by Southern-Owners.

77. Southern-Owners has a general business practice of prematurely and wrongfully denying claims on its duty to defend under commercial general liability policies, similar to the Policies at issue.

78. Southern-Owners, in the state of Florida, has consistently and repeatedly made material misrepresentations concerning its duty to defend and the effect of exclusions in commercial general liability policies with the purpose and intent of effectuating settlement of those claims on less favorable terms than provided by its commercial general liability policies.

79. Southern-Owners has consistently and repeatedly prematurely and wrongfully denied claims on its duty to defend under commercial general liability policies indicating a general business practice of failing to adopt and implement standards for the proper investigation of these claims, and a general business practice of denying claims without conducting a reasonable investigation into the claim.

80. Southern-Owners has consistently and repeatedly misrepresented the provisions contained in its commercial general liability policies relating to coverage.

81. Specifically, Southern-Owners has a general business practice of misrepresenting the exclusions contained in its commercial general liability policies as they relate to the claims against its insureds.

82. In the state of Florida, Southern-Owners has consistently and repeatedly refused to attempt to settle claims when, under all the circumstances, it could and should have done so.

83. Such actions occurred in more than fifteen (15) other cases and claims in Florida alone. A non-exhaustive list of these cases includes, but is not limited to, the following:

   a. *S.-Owners Ins. Co. v. Waterhouse Corp.*, No. 6:21-CV-504-PGB-EJK, 2022 WL 20677887 (M.D. Fla. July 25, 2022), *aff'd,* No. 22-12703, 2023 WL 4234180 (11th Cir. June 28, 2023);

   b. *S.-Owners Ins. Co. v. Farrera,* No. 23-12161, 2025 WL 415464 (11th Cir. Feb. 6, 2025);

   c. *Am. Builders Ins. Co. v. S.-Owners Ins. Co.*, 71 F.4th 847 (11th Cir. 2023), cert. denied, 144 S. Ct. 423 (2023);

   d. *S.-Owners Ins. Co. v. Pelican Circle Ass'n, Inc.,* No. 3:24-CV-75-TKW-ZCB, 2024 WL 4800499 (N.D. Fla. Sept. 20, 2024);

   e. *Morette Co. v. S.-Owners Ins. Co.*, 301 F. Supp. 3d 1175, 1186 (N.D. Fla. 2017);

   f. *S.-Owners Ins. Co. v. Globe Int'l Ministries, Inc.*, No. 3:14-CV-150-MCR-CJK, 2015 WL 11110847 (N.D. Fla. Sept. 26, 2015);

   g. *S.-Owners Ins. Co. v. Highwoods Contracting Corp.*, No. 6:22-CV-2177-CEM-RMN, 2024 WL 5338171 (M.D. Fla. Nov. 6, 2024);

   h. *S.-Owners Ins. Co. v. Charles P. Justus, II, Inc.,* No. 8:22-CV-2739-JSM-CPT, 2024 WL 4556133 (M.D. Fla. Oct. 23, 2024);

   i. *S. Owners Ins. Co. v. Galati Yacht Sales, LLC*, 653 F. Supp. 3d 1147 (M.D. Fla. 2023);

   j. *S.-Owners Ins. Co. v. Omni Amelia Island, LLC*, No. 3:21-CV-773-TJC-MCR, 2023 WL 2709759 (M.D. Fla. Mar. 30, 2023);

   k. *S.-Owners Ins. Co. v. Florida Constr. Services, Inc.*, 569 F. Supp. 3d 1186 (M.D. Fla. 2021);

   l. *S. Owners Ins. Co. v. Gallo Bldg. Services, Inc.,* No. 8:15-CV-1440-EAK-AAS, 2018 WL 6619987, (M.D. Fla. Dec. 18, 2018);

16

  m. *S.-Owners Ins. Co. v. McCredie*, No. 3:13-CV-658-J-39MCR, 2014 WL 12618697 (M.D. Fla. July 30, 2014);

  n. *S.-Owners Ins. Co. v. Wentworth Constr. Co., LLC*, No. 15-80789-CIV, 2019 WL 8275154 (S.D. Fla. Dec. 10, 2019);

  o. *Stock Development, LLC, et. al. v. S.-Owners Ins. Co.*, No. 2020-CA-7859 (Fla. 20th Cir. Ct. Aug. 30, 1014) (order finding Southern-Owners owed a duty to defend);

  p. *Pulte Home Company, LLC v. S.-Owners Ins. Co.*, No. 2023-CA-000157 (Fla. 5th Cir. Ct. May 28, 2024) (order finding Southern-Owners owed a duty to defend);

  q. *S.-Owners Ins. Co. v. Westfield, LLC*, 350 So. 3d 1259 (Fla. 2d DCA 2022) (Trial court case number: 17-CA-007050, of Circuit Court of Sixth Judicial Circuit);

  r. *S.-Owners Ins. Co. v. SCI Towers of Florida, Inc.*, 227 So. 3d 594 (Fla. 4th DCA 2017) (Trial court case number: 432012CA000188, Nineteenth Judicial Circuit, Martin County, FL); and

  s. *Contravest Constr. Group, Inc. v. S.-Owners Ins. Co.*, No. 2015-CA-005063 (Fla. 4th Cir. Ct. Oct. 4, 2016) (order finding Southern-Owners owed a duty to defend).

84. The acts complained of constitute behavioral expressions of Southern-Owners' motive, to make money at the expense of insureds by controlling claim outcomes through litigation exhaustion, insured duress, and financial leverage.

85. Southern-Owners' refusal to defend and indemnify MAC Contractors against the Doppelts' claims, and failure to properly investigate those claims in a fair, unbiased, and prompt fashion at its own expense, was deliberate, evidencing a reckless disregard for the rights of MAC Contractors.

86. Alternatively, Southern-Owners acted willfully, wantonly, and maliciously towards its insured, and in derogation of the insured's rights under the Policies and applicable law.

87. As a result of Southern-Owners' bad faith conduct, which occurred with such frequency as to indicate a general business practice by Southern-Owners, MAC Contractors is entitled to exemplary and punitive damages from Southern-Owners pursuant to section 624.155, Florida Statutes.

WHEREFORE, Plaintiff, MAC CONTRACTORS OF FLORIDA, LLC demands judgment against Defendant, SOUTHERN-OWNERS INSURANCE COMPANY, for exemplary and punitive damages. MAC Contractors also seeks attorneys' fees, costs, and interest, pursuant to section 624.155, 57.041, and 92.231, Florida Statutes, and demands a trial by jury.

## **PRAYER FOR RELIEF (ALL COUNTS)**

WHEREFORE, Plaintiff, MAC CONTRACTORS OF FLORIDA, LLC demands entry of judgment against Defendant, SOUTHERN-OWNERS INSURANCE COMPANY, for damages and other relief, including but not limited to the compensatory damages alleged above, and court costs and attorney's fees pursuant to Section 624.155(4) Fla. Stat. MAC Contractors also requests an award of punitive damages against Southern-Owners Insurance Company, as the acts, failures to act, and misconduct of Southern-Owners Insurance Company occur with

such frequency as to indicate a general business practice and these acts are willful, wanton, and malicious, or in reckless disregard for the rights of the insured, as detailed above. Moreover, as Section 626.9541(1)(i)2 is functionally a statutory fraud claim, punitive damages may be assessed for a violation of that sub-section without having to prove an indicated general business practice.

## JURY TRIAL DEMAND

MAC Contractors demands a trial by jury in this matter.

Dated: <u>September 18, 2025</u>

        Respectfully submitted,

        BOYLE, LEONARD & ANDERSON, PA.

        <u>*/s/ Molly Chafe Brockmeyer*</u>
        Mark A. Boyle, Esq.
        Florida Bar. No.: 5886
        Molly Chafe Brockmeyer
        Florida Bar No.: 105798
        Anna Kelly Shearman
        Florida Bar No.: 1039509
        Boyle, Leonard & Anderson, P.A.
        9111 W. College Pointe Drive
        Fort Myers, FL  33919
        (239) 337-1303 │ (239) 337-7674 (fax)
        mboyle@insurance-counsel.com
        mbrockmeyer@insurance-counsel.com
        ashearman@insurance-counsel.com
        *Counsel for Plaintiff, MAC Contractors of Florida, LLC*