UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAC CONTRACTORS OF FLORIDA,
LLC,

       Plaintiff,

v.                                Case No:  2:25-cv-00828-JES-NPM

SOUTHERN-OWNERS    INSURANCE
COMPANY,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant, Southern-Owners Insurance Company's, Motion to Dismiss Plaintiff's Complaint (Doc. #17) filed on October 28, 2025.  Plaintiff filed its Response in Opposition (Doc. #22) on November 18, 2025.  For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010)(stating the same). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted); Erickson v. Pardus, 551 U.S. 89 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

The Complaint makes the following factual allegations:

Southern-Owners Insurance Company ("Southern") issued two commercial general liability policies to MAC Contractors of Florida, LLC ("MAC") with policy periods of October 8, 2014 to October 8, 2015 and October 8, 2015 to October 8, 2016. (Doc. #1, ¶ 9.)

During the policy periods, MAC and its subcontractors completed work for Paul and Deborah Doppelt (the "Doppelts") at their home in Marco Island, Florida. (Id. ¶ 10.) Unfortunately for the Doppelts, MAC or its subcontractors performed defective work resulting in damage to property owned by the Doppelts. (Id. ¶ 11.) This damage required the Doppelts to replace and repair portions of their home as well as replace equipment and materials. (Id. ¶ 12.)

The Doppelts subsequently sued MAC in 2016 after providing notice of the damages under Florida Statutes Section 558.004. (Id. ¶¶ 13-14.) In compliance with its notification requirements, MAC timely tendered both the original and amended complaint to Southern. (Id. ¶ 16.) After accepting the complaints, MAC appointed defense counsel to defend MAC in the litigation, however, on April 10, 2017, issued a denial of coverage for the claim and informed MAC that it would withdraw its defense. (Id. ¶ 17-18.)

After Southern withdrew its defense, MAC incurred the cost of defending itself. (Id. ¶ 21.)

MAC then filed its first Civil Remedy Notice ("CRN") on June 20, 2017. (Id. ¶ 22.) Southern acknowledged receipt of the CRN, however, did not cure its violations within the 60-day cure period. (Id. ¶¶ 23-24.) Instead, Southern sent another letter on July 13, 2017, again denying a defense to MAC for its litigation with the Doppelts. (Id. ¶ 25.)

Eventually, MAC entered into a settlement agreement with the Doppelts for $70,000, which it paid with its own money. (Id. ¶ 27.) MAC also incurred $26,589.80 in defense fees and costs after Southern withdrew its defense. (Id. ¶ 28.)

On November 30, 2017, Southern filed a declaratory judgment action in the Southern District of Florida, which was subsequently transferred to the Middle District of Florida. (Id. ¶¶ 29-30.) MAC brought a counterclaim on January 18, 2018, seeking a declaration that Southern had a duty to defend and indemnify MAC. (Id. ¶ 31.) After reviewing the first cross-motions for summary judgment, the district court granted Southern's motion for summary judgment on the duty to defend. (Id. ¶ 34.) This order was subsequently vacated by the Eleventh Circuit and remanded for further proceedings. (Id. ¶¶ 35-36.)

The district court then considered the second cross-motions for summary judgment. Again, the district court granted Southern's motion for summary judgment, however, the order was again vacated by the Eleventh Circuit Court. (Id. ¶¶ 39-42.)

Before the district court considered the third cross-motions for summary judgment, MAC filed its second CRN against Southern where it alleged that MAC had expended at least $133,562.29 in defending itself against the Doppelts' claims. (Id. ¶¶ 43-44.) Southern again acknowledged receipt and did not cure the violations. (Id. ¶ 45.)

The district court then considered the third cross-motions for summary judgment, except this time granting MAC's motion. (Id. ¶¶ 48-49.) The Eleventh Circuit subsequently affirmed the district court's order. (Id. ¶ 52.)

As a result of the extended litigation regarding Southern's duty to defend, MAC incurred at least $79,871.25 in unreimbursed attorney's fees. (Id. ¶ 53.)

### III.

**A.   MAC Contractors of Florida Sufficiently Pled Compliance with the Conditions Precedent**

Southern argues that MAC failed to meet certain conditions precedents. (Doc. #17, pp. 7, 24.) Specifically, Southern argues that MAC failed to cite certain sections of the statute, in its

CRNs, under which MAC intended to pursue claims.  (Id. at p. 8.) MAC responds that even though a CRN must be specific the following judicial complaint is not necessarily limited to the information in the CRN.  (Doc. #22, p. 6.)  Further, Southern argues MAC failed to plead a determination of damages, which is a prerequisite to a bad-faith claim.[1]  See Landers v. State Farm Fla. Ins. Co., 234 So. 3d 856, 859 (Fla. 5th DCA 2018)(citation omitted). Procedurally, however, both parties have put the cart before the horse.

The procedure to resolve a disputed condition precedent is well established in the Eleventh Circuit:

> [A] plaintiff must generally allege in his complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled."  Fed. R. Civ. P. 9(c).  If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny "specifically and with particularity" that the preconditions have not been fulfilled.  Id.  The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied. If, however, the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

---

[1] MAC appears to make no substantive response to Southern's argument regarding the pre-requisite of a determination of damages in its Response.

Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)(citations omitted); see also Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010).

Here the Complaint alleges that "[a]ll conditions precedent to the institution of this action have occurred, been performed, waived, or otherwise satisfied." (Doc. #1, ¶ 55.) This is sufficient for the sake of the instant motion. Accordingly, MAC has sufficiently pled compliance with the conditions precedent.

**B.   MAC Sufficiently States a Claim**

Southern argues that Plaintiff failed to comply with the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. MAC, however, argues that the heightened pleading requirement does not apply since MAC did not bring a separate cause of action, but rather serve as a portion of its bad faith claim. While the case law is not entirely clear, the Court will hold allegations relating to misrepresentation — 626.9541(1)(i)(3)(b)—to the heightened pleading standard but not to the allegations relating to 626.9541(1)(i)(3)(c)-(d).[2]

---

[2] See Kafie v. Nw. Mut. Life Ins. Co., No. 11-21251-CIV, 2011 WL 4499051, at *9-12 (S.D. Fla. Sept. 27, 2011)(applying the heightened pleading standard to Section 626.9541(1)(i)(3)(b), but not Section 626.9541(1)(i)(3)(d)); Hogan v. Provident Life and Acc. Ins. Co., 665 F. Supp. 2d 1273, 1283 (M.D. Fla. 2009)(applying heightened standard to Section 626.9541(1)(i)(3)(b) and 626.9541(1)(i)(3)(d)); Pin-Pon Corp. v. Landmark Am. Ins. Co., No. 20-14013-CV-MIDDLEBROOKS/Maynard, 2021 WL 6135153, at *3-4 (S.D. Fla. May 7, 2021)(refusing to apply the heightened pleading standard where the Plaintiff did not bring claims under Section 626.9541 as separate causes of action).

-7-

The statute under which MAC has brought its claim reads in pertinent part:

> (1)   Unfair Methods of competition and unfair or deceptive acts.—The following are defined as unfair methods of competition and unfair or deceptive acts or practices:
> . . .
> *(i)    Unfair claim settlement practices.—*
> 3. Committing or performing with such frequency as to indicate a general business practice any of the following:
> . . .
> b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
> c. Failing to acknowledge and act promptly upon communications with respect to claims;
> d. Denying claims without conducting reasonable investigations based upon available information.[.]

Fla. Stat. § 626.9541(1)(i)(3) (2026).

### 1.   Section 626.9541(1)(i)(3)(b)

MAC alleges that Southern misrepresented pertinent facts or insurance policy provisions relating to the coverage at issue to save money at the expense of the insureds.  Such allegation must satisfy Federal Rule of Civil Procedure 9(b).

To satisfy the standard under Rule 9(b), a plaintiff must allege:

> (1)   precisely what statements were made in what documents or oral representations or what omissions were made[;]
> (2)   the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same[;]
> (3)   the content of such statements and the manner in which they misled the plaintiff[;] and

(4)  what the defendants obtained as a consequence of the fraud.

U.S. ex. Rel. Clausen v. Laboratory Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).

Here, MAC alleges the misrepresentations occurred in the two coverage denial letters, which cite specific portions of the insurance policy that Southern claimed excluded any coverage. (Doc. #1-3; Doc. #1-5.)   Such allegations satisfy the standard under Rule 9(b), because the letters show: (1) what statements were made; (2) at what time they were made and by who; (3) the content of the statements and how they misled MAC — i.e., that the Doppelts damages were not covered by the insurance policy; and (4) Southern was able to avoid paying any damages to the Doppelts and would no longer incur defense costs.   Although Southern argues that such allegations only show good faith, these arguments are better suited for a motion for summary judgment.   See Gooden v. People's Tr. Ins. Co., 336 So. 3d 331, 332 (Fla. 4th DCA 2022). Therefore, MAC has sufficiently pled its claim as to Section 626.9541(1)(i)(3)(b).

### 2.    Section 626.9541(1)(i)(3)(c)

Next, MAC alleges Southern failed to acknowledge and act promptly upon communications with respect to its claims so Southern could save money at the expense of the insureds.   In support of

-9-

such allegations, MAC cites the two CRNs, both of which asked for Southern to reconsider its withdrawal of defense.   (Doc. #1-4; Doc. #1-7.)   Further, by alleging that Southern failed to cure the CRNs or at least substantively respond to its request to reconsider its coverage position, MAC has sufficiently alleged that Southern failed to act promptly upon these communications by continuing its allegedly false position that Southern owed no duty to defend under the exclusions of the policy.

### 3.   Section 626.9541(1)(i)(3)(d)

Finally, MAC alleges that Southern denied claims without conducting a reasonable investigation into the claim based on available information to save money at the expense of the insureds. MAC has sufficiently stated a claim by alleging Southern denied MAC's claim only on the basis of its own beliefs and information revealed during discovery rather than on the complaint itself— thereby conflating indemnification with duty to defend.  (Doc. #1-4, p. 5.)   Further in Southern's second CRN, it alleged that the investigation ignored "the possibility that at least some of the damages were potentially covered damage(s) . . .."  (Doc. #1-7, p. 5.)   In denying such coverage, Southern allegedly did so for the purpose of saving money at the expense of its insureds. Accordingly, MAC sufficiently stated a claim.

-10-

### C.    Count III Is Not Yet Ripe

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review.  See U.S. Const. art. III, §2, cl. 1; see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 559-60 (1992)(stating the same).  When a party has standing, there are still prudential limitations on the kinds of cases a court has the power to decide.  See Nat'l Advert. Co. v. City of Miami, 402 F.3d 1335, 1338-39 (11th Cir. 2005). These restraints prevent courts from "rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."  Id. at 1339.  As such, courts may only decide cases that are ripe for review.  To determine whether a claim is ripe, the court evaluates "(1) the fitness of the issues for judicial decisions and (2) the hardship to the parties of withholding court consideration."  Id.

The Complaint portrays Count III as "(PENDING)" and states "its intent to seek leave to amend the Complaint to add a claim for punitive damages [pursuant to] section 624.155(5), Florida Statutes."  Thus, there is no current claim before the Court. Accordingly, Count III will be dismissed without prejudice.

For the reasons set forth in this order, the motion to dismiss will be granted in part and denied in part.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #17) is **GRANTED IN PART AND DENIED IN PART** as follows:

(a)  Defendant's motion is **DENIED** as to Counts I and II;

(b)  Defendant's motion is **GRANTED** as to Count III;

(c)  Count III is **DISMISSED without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-12-