**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MAC CONTRACTORS OF FLORIDA, LLC,

Plaintiffs,

v. Case No. 2:25-cv-828-SPC-KRH

SOUTHERN-OWNERS INSURANCE COMPANY,

Defendant.
______________________________/

**Order**

At issue are several Motions, on which the Court heard argument today. (Doc. 49; Doc. 58; Doc. 65; Doc. 67).[1] The Court appreciates the excellent advocacy from both sides on the paper and in court. As discussed at the hearing on the record, the Court can rule on some Motions now.

Plaintiff's Motion to Compel Production of Documents Responsive to its First Request for Production (Doc. 49) and Motion for In Camera Review (Doc. 58) are **GRANTED in part and otherwise DENIED without prejudice**.

The Motions to Compel and for In Camera Review are **GRANTED in part** as to Defendant providing an adequate privilege log and the Court beginning in camera review of certain documents. Specifically, the revised privilege log should

---

[1] In reply (Doc. 58) to its Motion to Compel (Doc. 49), Plaintiff requested in camera review. The Court construed that request as a Motion. *See, e.g.*, *Godbolt v. Hartford Life & Accident Ins.*, 2004 U.S. Dist. LEXIS 27730, at *1, n.1 (M.D. Fla. Jan. 16, 2004) ("A motion is simply a written request for the court to make a specific ruling.").

address the information requirements set forth in *Bermuda Dunes Private Residences Condo. Ass'n v. Empire Indem. Ins.*, No. 6:16-cv-1801-Orl-37GJK, 2017 WL 7731862, at *2 (M.D. Fla. Aug. 18, 2017). **On or before December 8**, Defendant will revise and file a new privilege log. By that same time, Defendant must file—for in camera review—all documents on the revised privilege log that predate November 2017.[2] Once the Court has an updated privilege log and some purportedly privileged documents, it will begin reviewing them in camera. While that is occurring, the parties should confer on the remaining portions of the revised privilege log to (hopefully) narrow the dispute. The Court will set another discovery hearing at a mutually agreeable time in December to discuss the progress from all sides on the privilege disputes.

The Motions to Compel and for In Camera Review are **DENIED without prejudice in part**. Until the Court receives the revised privilege log and begins review (as discussed above), it cannot determine much of the parties' dispute over individual privilege decisions (i.e., redactions or communications involving certain lawyers). What's more, as it relates to the pattern and practice discovery, that matter segues into the Motion to Bifurcate (discussed below). And the parties resolved the dispute over reserves information, making it moot in part.

The Motion to Compel as to the personnel files is **DENIED without prejudice**. **On or before December 1**, Plaintiff must serve Defendant with

---

[2] As discussed, Defendant may submit these documents on a flash drive if that is more convenient. Should it choose that route, Defendant must put the flash drive in the mail by close of business on December 8.

revised request(s) for production ("RFP(s)") concerning this discovery. Any RFP(s) must be more narrowly tailored to the specific types of records sought during a defined time frame. And for now, the RFP(s) should only concern the personnel files of Marco Bianchi and Luke Lanier. **On or before December 15**, Defendant must respond to the revised RFP(s). If there is still disagreement, the Court will allow supplemental briefing.

As for Defendant's Motion to Bifurcate/Stay Discovery (Doc. 67), that matter is actively under advisement. The Court understands that this decision is important to the parties. The Court will issue a decision as quickly as possible, given its heavy caseload.

As for Plaintiff's Unopposed Motion for Enlargement of Time of All Deadlines (Doc. 65), the Motion is **DENIED without prejudice**. That said, as discussed earlier, the Court will extend deadlines in this case. But it will do so after determining any bifurcation or bond issues, since those matters could affect an amended schedule.

In Fort Myers, Florida, on November 17, 2026.

Kevin R. Huguelet
United States Magistrate Judge