**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MAC CONTRACTORS OF FLORIDA, LLC,

Plaintiff,

v. Case No. 2:25-cv-828-SPC-KRH

SOUTHERN-OWNERS INSURANCE COMPANY,

Defendant.
______________________________/

# Order

Before the Court is Defendant Southern-Owners Insurance Company's, Motion to Bifurcate/Stay Discovery. (Doc. 67). The Motion is granted and denied in part. The Motion is denied as to a bifurcation or stay of discovery, but it is granted as to determining a bond for discovery on punitive damages.

## Legal Standard

"Federal Rules of Civil Procedure 26(c) and (d) permit the court to control the sequence and timing of discovery to prevent annoyance, embarrassment, oppression, undue burden, or expense." *McKenzie v. United States Tennis Ass'n*, No. 6:22-cv-615-PGB-LHP, 2022 U.S. Dist. LEXIS 240817, at *3 (M.D. Fla. Aug. 18, 2022). In considering bifurcation, courts generally look to Rule 42. *E.g.*, *id.*; *FDIC v. Stewart Title Guar. Co.*, No. 8:12-cv-2244-T-17TBM, 2013 U.S. Dist. LEXIS 195651, at *5 (M.D. Fla. June 25, 2013).

Under Rule 42(b), bifurcation of discovery hinges on factors such as

"convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "However, 'bifurcation is not the usual course that should be followed.'" *McKenzie*, 2022 U.S. Dist. LEXIS 240817, at *3. "Rather, it is the exception not the rule." *Id.* That said, "The determination of whether to bifurcate discovery is left to the sound discretion of the Court." *Id.* at *4 (collecting cases). "The moving party has the burden to establish that bifurcation is necessary." *Id.*

## Discussion

After considering Defendant's Motion (Doc. 67), Plaintiff's Response (Doc. 71), the tertiary discussion of bifurcating discovery in other discovery-related motions (Doc. 54; Doc. 58; Doc. 59), and the discussion held on the record, the Court finds bifurcation or stay of discovery is not warranted here.

### 1. Bifurcating Discovery

Defendant requests that "discovery related to pattern and practice and punitive damages be bifurcated and stayed until the Plaintiff demonstrates that SOUTHERN-OWNERS acted in bad faith and upon the posting of a bond as required by Florida Statute section 624.155(8)(c)." (Doc. 67 at ¶ 16). Put simply, the relevant factors and law weigh against bifurcation. If the Court were to bifurcate, it would undeniably inconvenience and prejudice Plaintiff (and realistically maybe Defendant).

Splitting up this case would work against expediting and economizing matters. The parties have been litigating this dispute in some fashion for more than a decade. Over time, evidence becomes stale, files get purged, and memories fade.

This litigation needs to move towards resolution rather than more delayed steps.

There is also overlap in the evidence. Take an example already percolating: personnel files could support Plaintiff's bad faith claim but also show that a particular employee frequently engaged in such practices at the behest of the employer, which could simultaneously support Plaintiff's punitive damages request.[1] To complicate matters are Plaintiff's allegations of business practices as an element of the bad-faith claim—not just evidence for punitives. There is obvious commonality in some discovery. And the Court cannot see efficiencies gained by opening a new litigation front over whether discovery should be phase one or two.

Plus, as noted on the record, bifurcation could inevitably lead to two discovery periods, summary judgments, and trials. As one judge put it, "Defendant[] would have this Court create two separate cases, with potentially two separate trials, and two separate discovery tracks. As a consequence, every witness would need to be deposed twice, two different juries would need to learn overlapping facts, and the resolution of this matter would take twice as long." *Transamerica Life Ins. Co. v. Wilbanks*, No. 8:15-cv-780-T-26AEP, 2015 U.S. Dist. LEXIS 183955, at *5-6 (M.D. Fla. Oct. 27, 2015). This "bifurcated discovery could ultimately result in an overlap of evidence and testimony and duplication of discovery efforts." *Stewart Title Guar. Co.*, 2013 U.S. Dist. LEXIS 195651, at *5 (denying a request to bifurcate discovery). Again, the Court doesn't see how

[1] To be clear, the Court makes no assumptions; this is merely an illustration showing the inefficiency bifurcation would cause.

bifurcated discovery would advance a resolution most effectively. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The Court does not currently render any judgment as to bifurcating trial. *See* Fed. R. Civ. P. 42(b). That might make more sense. As Defendant argues, Plaintiff could only get punitive damages if it succeeds on bad faith. So a bifurcated trial with a jury first determining phase one liability could potentially save days of trial—while still allowing the option of immediately rolling into phase two damages with the same jury. Such a possibility, however, could not exist with Defendant's proposal. Bifurcated discovery would ensure that if Defendant loses at trial, the case would return for full discovery on punitive damages before a second trial with a new jury. This chance of wasted effort (and money) is unmistakable. Defendant seeks to discount these possibilities by asserting the purported strength of its defense. But right now, the Court can't just assume who will win. Both sides have colorable positions and appear poised to advance them. Aside from being inappropriate, it would be speculative for me to guess the winner.

**2. Stay Discovery**

Relatedly, Defendant requests that the Court stay pattern and practice discovery until the Court resolves Defendant's Motion to Dismiss (Doc. 64). Defendant asserts, "If the Court were to 'take a peek' at the merits of SOUTHERN-OWNERS' Motion to Dismiss, it would see that SOUTHERN OWNERS has raised

meritorious arguments which are case determinative, and that should the motion be granted, the need for discovery in this case will be entirely eliminated." (Doc. 64 at 17).

In general, "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). But *Chudasama* was an exceptional case. In evaluating the legal sufficiency of a defense, "courts must first 'take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.'" *Colon v. Moore*, No. 8:25-cv-01243-WFJ-LSG, 2025 U.S. Dist. LEXIS 202888, at *4 (M.D. Fla. Oct. 15, 2025); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020). Still, courts generally grant a stay only after "the preliminary peek shows '*a significant possibility*' that the motion to dismiss will be granted." *Rokit World, Inc. v. Williams Grand Prix Eng'g Ltd.*, No. 3:24-CV-878-MMH-LLL, 2025 U.S. Dist. LEXIS 79625, at *3 (M.D. Fla. Apr. 28, 2025) (emphasis added). Nonetheless, a "stay of discovery should be the exception rather than the rule." *Colon*, 2025 U.S. Dist. LEXIS 202888, at *4. The Court's Discovery Handbook bears this out. Middle District Discovery (2021) at Section I.E.4. (requiring "unusual circumstances" and "a specific showing of prejudice or undue burden" to stay discovery pending a motion to dismiss).

That said, the Court has been beyond a peek. Plaintiff survived a challenge to pleading sufficiency. (Doc. 42). There is little reason for me to take a

*preliminary peek* after Judge Steele already offered a *convincing gaze*. This is especially true where the Amended Complaint asserts the same claims as its predecessor—which, again, survived dismissal. The Amended Complaint essentially reorganized punitive damages as a request for relief, which the Court has found compliant with the Federal Rules. (Doc. 55).

**3. Prejudice Regarding Bifurcation**

Defendant argues that "[t]he punitive damages discovery sought is extremely extensive, unduly burdensome, irrelevant, harassing, privileged, and wholly disproportionate to the issues in this case." (Doc. 67 at ¶¶ 15, 18). At the core of Defendant's argument, in this regard, is that it will be prejudiced should discovery not be bifurcated. To that end, the Court addresses this argument above (and did previously, too), so it needn't rehash findings regarding prejudice. *See* (Doc. 55 at 9-11). These arguments are just premature objections to relevance and proportionality. But I'll handle those matters (hopefully not too often) as they arise during discovery.

Defendant also asserts that "Plaintiff has agreed that discovery should be conducted in phases, with the second phase being comprised of pattern and practice discovery." (Doc. 67 at ¶ 17); *see also* (Doc. 21 at 5). That's true. But the parties made that stipulation over a year ago. The litigation changed since then. And discovery proceeded with the underlying claim handling (i.e., the contemplated phase one). At this point, it is unclear why pattern-and-practice discovery should still be on hold. What's more, Judge Mizell held a Rule 16(b)

conference—where the parties did not address bifurcation. Ultimately, he declined to bifurcate discovery in the Case Management and Scheduling Order (Doc. 28), as this case never received that dual track. *See* (Doc. 28). This "case has proceeded to date on a single track and the Court finds no reason to change course at this late date." *Lankhorst v. Indep. Sav. Plan Co.*, No. 11-cv-390, 2013 U.S. Dist. LEXIS 152366, at *5 (M.D. Fla. Oct. 17, 2013) (denying a motion to bifurcate or stay discovery).

### 4. Defendant's Citations in Support

Moreover, Defendant chiefly cites two cases for bifurcation: *Royal Marco Point I Condo. Ass'n v. QBE Ins. Co.*, No. 2:07-cv-16 (M.D. Fla.) (Chappell, J.), and *Carithers v. Mid-Continent Cas. Co.*, No. 3:16cv-988-J32MCR (M.D. Fla.). (Doc. 67 at 11-13). Both parties discuss these cases, *compare* (Doc. 67 at 11-13), *with* (Doc. 71 at 6-7), so the Court will as well.

Plaintiff states that "[b]oth are distinguishable and do not apply here." (Doc. 71 at 6). The Court agrees with Plaintiff that *Royal Marco* is readily distinguishable, but *Carithers* is not.

Defendant cites *Royal Marco* for the proposition that discovery should be bifurcated. (Doc. 67 at 11-13). This case is, however, different. There, Judge Chappell (or maybe a visiting district judge) eventually accepted a proffer as sufficient under Florida Statute § 768.72—concluding that it "adequately show[ed] a reasonable basis for recovery of punitive damages." *Royal Marco*, No. 2:07-cv-16, Doc. 229 (M.D. Fla. June 30, 2010). *Royal Marco* was a convoluted, heavily

contested action with coverage and bad faith litigated sequentially within the same case. Even so, it does not appear that anyone ever asked the Court to bifurcate discovery. Everyone instead followed the state procedure to handle punitive damages as a separate matter after the proffer. *Royal Marco*, No. 2:07-cv-16, Doc. 159 (M.D. Fla. Mar. 27, 2009).

Yet—here—the Court already decided that the higher pleading standard in § 768.72 does not apply, which includes the proffer requirement. *See* (Doc. 55). It made that decision based on binding law, which held that those state "pleading requirements are inapplicable to federal diversity cases." *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1348 (11th Cir. 2023). Put simply, this Court decided that Plaintiff need not make a proffer, so sequencing of discovery (as in *Royal Marco*) never hung in the balance pending an evidentiary showing.

The other case that Defendant cites is *Carithers*. (Doc. 67 at 11-13). Defendant is correct that Judge Corrigan bifurcated discovery there. *See* (Doc. 67 at 11). And while Plaintiff asserts that "the insured was granted leave to amend its complaint and eventually proceeded with additional discovery" (Doc. 71 at 7), *Carithers* later noted that "[t]he bifurcation of the Carithers's bad faith claim from the pattern and practice punitive damages claim *continues* to be appropriate," *Carithers*, No. 3:16cv-988-J32MCR, Doc. 82 at *2 (M.D. Fla. May 9, 2018). So ostensibly, while *additional* discovery was permitted, discovery remained bifurcated.

In any event, what both cases demonstrate is something crucial— the Court

has broad discretion in these matters. *McKenzie*, 2022 U.S. Dist. LEXIS 240817, at *4 (citing *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) ("The determination of whether to bifurcate is left to the sound discretion of the Court.")). Defendant emphasized an excellent point that bifurcating or staying discovery is about this specific case, not whether to hit pause in the abstract. Having carefully reviewed this case and listened to argument, I find that it would be prudent to decline bifurcating or staying discovery.

A similar case was persuasive to me in making that decision. *Victor v. Scottsdale Ins. Co.*, No. 22-cv-62166-RUIZ/STRAUSS, 2023 WL 3003804 (S.D. Fla. Apr. 18, 2023). In *Victor*, the defendant moved to bifurcate or stay pattern-and-practice discovery after a motion to dismiss a bad-faith claim failed. It was fitting to deny bifurcation because discovery into business practices was relevant to punitive damages on the pending bad-faith claim. *Id.* at *3 (While "general business practices would generally not be relevant to a bad faith claim standing alone, the fact that Plaintiffs seek punitive damages and that they have included allegations in the Amended Complaint putting Defendant's general business practices at issue make Defendant's general business practices relevant here.").

This is the same situation. Judge Steele denied Defendant's earlier motion to dismiss—finding that Plaintiff stated various claims. In doing that, he determined that Plaintiff's claim for violating § 626.9541(1)(i)3.d. survived. (Doc. 42 at 10). That theory expressly incorporates "general business practice" as an element of the claim. Fla. Stat. § 626.9541(1)(i)3.d. Like *Victor*, this is now

proceeding with live claims on which pattern-and-practice discovery is relevant. So there is no reason to bifurcate or stay discovery. While the Court "will not impose a blanket prohibition or stay on general business practices discovery," it will supervise as needed with relevance and the "paramount importance" of proportionality in mind. *Victor*, 2023 WL 3003804, at *3.

**5. Potential Bond**

As a final matter, Defendant requests—if the Court declines to bifurcate discovery—for "an opportunity to fully brief and support the amounts necessary for the bond the Plaintiff is required to post pursuant to Fla. Stat. 624.155(8)(c)." (Doc. 67 at 13). From the Court's brief research into the bond issue, it appears that some form of bond in a case of this type would be appropriate. *See First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, 286 F.R.D. 630 (M.D. Fla. Nov. 20, 2012); *Victor*, 2023 WL 3003804, at *3-4. The Court, however, reserves judgment on whether and how a bond will be ordered here. Briefing on this potential issue—if the parties cannot resolve it—will assist in the Court's decision.

And once more, the Court will extend the deadlines in this case. "But it will do so after determining any bifurcation or bond issues, since those matters could affect an amended schedule." (Doc. 76 at 3).

**ORDERED:**

1. Defendant, Southern-Owners Insurance Company's, Motion to Bifurcate/Stay Discovery (Doc. 67) is **GRANTED and DENIED in part**.

a. As to Defendant's request for an opportunity to fully brief the

bond issue and the amounts necessary for Plaintiff to post under Florida Statute § 624.155(8), the Motion is **GRANTED**.

b. The parties are **DIRECTED** to confer on the bond matter. If the parties conclude that the bond requirement applies, they should attempt to agree on the reasonable costs of producing responsive discovery subject to the bond.

c. While the Court remains hopeful that the parties can reach an agreement without further intervention, if the parties are unable to agree (as to the bond requirement and/or amount), Defendant must file a motion for the Court to resolve the issue(s) on or before **December 20, 2026.** Any motion or response regarding the bond must attach any declarations or other evidentiary support for proposed amounts. *See* Local Rule 3.01(g).

d. In all other respects—including as to bifurcating or staying discovery—the Motion is **DENIED**.

2. After resolving the bond issue, the Court will enter an Amended Case Management and Scheduling Order that reflects the remaining deadlines.

In Fort Myers, Florida, on November 24, 2026.

Kevin R. Huguelet
United States Magistrate Judge